

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00675-CV

In the **INTEREST OF N.M.R.** and A.P.R.N., Children

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2017PA02765
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:      Luz Elena D. Chapa, Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                  Rebeca C. Martinez, Justice
                  Luz Elena D. Chapa, Justice

Delivered and Filed: February 13, 2019

MOTION TO WITHDRAW DENIED; AFFIRMED

The Texas Department of Family and Protective Services filed this suit, seeking to terminate the rights of the parents of the children N.M.R. and A.P.R.N.[1]  After a bench trial, the trial court found three independent grounds[2] to terminate M.R.'s rights and found that termination was in the children's best interest.  The trial court terminated the rights of the children's mother, M.R., and of A.P.R.N.'s father,[3] and designated the Department to be the children's permanent managing conservator.  M.R. timely appealed the trial court's order.

---

[1] To protect the identity of the minor children, we refer to the parties by their initials. *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8.
[2] Tex. Fam. Code § 161.001(b)(1)(N) (constructive abandonment); (O) (failed to comply with court ordered services); & (P) (used controlled substance and failed to completely address issue).
[3] The parental rights of N.M.R.'s presumed father were terminated in a separate case.

Appellant's court-appointed appellate attorney filed a brief in which she concluded there are no non-frivolous issues to be raised on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (stating that Anders procedures protect indigent parents' statutory right to counsel on appeal in parental rights termination cases and apply in those cases). In addition, counsel filed a motion to withdraw. Counsel certified that she sent to M.R.'s last known address copies of the brief and motion to withdraw and a letter advising her of her rights to review the record and to file a *pro se* brief. Counsel also sent M.R. a form to use to request access to the record. This court set a deadline to file the pro se brief and attempted to contact appellant, but the mail has been returned as "undeliverable." Appellant did not request access to the record or file a pro se brief.

We have thoroughly reviewed the record and the attorney's *Anders* brief. The record establishes by clear and convincing evidence at least one of the grounds for termination and that termination of M.R.'s parental rights is in the children's best interest. *See* TEX. FAM. CODE § 161.001; *In re J.O.A.*, 283 S.W.3d 336, 344-45 (Tex. 2009); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Upon a thorough review of the record, we conclude the evidence is legally and factually sufficient to support the termination order and there are no other arguably meritorious grounds for appeal. Therefore, we affirm the trial court's termination order. *See In re J.D.L.*, No. 04-11-00055-CV, 2011 WL 3328719, at *1 (Tex. App.—San Antonio, Aug. 3, 2011, no pet.) (mem. op.) (affirming termination order despite inability to inform appellant of rights pursuant to *Anders*); *see also In re Schulman,* 252 S.W.3d 403, 408 n.21 (Tex. Crim. App. 2008) ("A defendant who fails to keep his attorney informed of his current address forfeits the right to receive a copy of the *Anders* brief and the right to file a *pro se* brief.").

Counsel filed a motion to withdraw in conjunction with her *Anders* brief. We deny the motion. *See In re P.M.*, 520 S.W.3d at 27; *In re A.M.*, 495 S.W.3d 573, 583 (Tex. App.—Houston

[1st Dist.] 2016, pet. denied). Counsel's duty to her client extends through the exhaustion or waiver of all appeals, including the filing of a petition for review in the Texas Supreme Court. *See* TEX. FAM. CODE § 107.016(3); *In re P.M.*, 520 S.W.3d at 27.

Luz Elena D. Chapa, Justice